# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE WOLFE,<br><br>        Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00570-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 19) |

      Plaintiff Wade Wolfe ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action in the Sacramento division of the United States District Court for the Eastern District of California on April 23, 2018. (ECF No. 1.) This action was transferred to the Fresno division on April 26, 2018. (ECF No. 4.) Plaintiff's complaint has not yet been screened.

      Currently before the Court is Plaintiff's third motion for appointment of counsel, filed July 16, 2018. (ECF No. 19.) Plaintiff states that he due to low cognitive function, he has difficulty reading, writing, or understanding material regarding his case, and that he was involved in a car accident that caused permanent injuries to his head, leg, arm, and neck. (Id.)

      As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist.

1

of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances.  Plaintiff has raised no new grounds for the Court's consideration, and as previously indicated, the Court is faced with similar cases involving claims of excessive force filed by prisoners proceeding *pro se* and suffering various medical conditions almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.  There is no indication at this time that Plaintiff is unable to proceed in this matter without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not been screened.  Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 19) is DENIED, without prejudice.  Although there are no pending deadlines in this action, Plaintiff is reminded that, as necessary and appropriate, he may seek extensions of time for relevant case deadlines.
Fed. R. Civ. P. 6(b)(1).
IT IS SO ORDERED.

Dated: **July 18, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE