# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE WOLFE,<br><br>        Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00570-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Wade Wolfe ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On April 5, 2019, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 28.) Plaintiff's second amended complaint, filed on May 6, 2019, is currently before the Court for screening. (ECF No. 29.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is no longer in state custody, but at the time of the alleged events, Plaintiff was a pretrial detainee in the custody of the Stanislaus County Sheriff's Department. Plaintiff names the following defendants: (1) John Doe, Stanislaus County Sheriff's Deputy; and (2) Jane Doe, Stanislaus County Sheriff's Deputy.

In relevant part, Plaintiff alleges that on February 8, 2017, he was arrested and booked at the Stanislaus County Men's Jail in Modesto, California. He was placed in a holding cell with other prisoners to be transported to the Public Safety Center approximately eight (8) miles away. As Plaintiff and other inmates were waiting in the holding cell, Plaintiff was called to be shackled by transporting deputies. Plaintiff noticed that the young deputies were "horsing around," joking and using unprofessional and inappropriate language. Plaintiff was then placed in one of the two vans that was being used for transport. Both vans immediately peeled out and raced out of the sally port until they reached street, causing many inmates to hit their head against the van walls, including Plaintiff.

Due to his disabilities, Plaintiff yelled to the front and asked the transporting deputy to stop. The deputy continued his reckless driving. Plaintiff became fearful for his safety. Both vans quickly reached the streets in heavy rain and slippery roads. The vans raced side-by-side, sliding many times and peeling out from all green lights. The inmates hit their head on the van walls and continued yelling and begging the transport deputy to stop. The deputy refused to listen and continued to race with the other transport van on the freeway, reaching estimated speeds of 80 to 90 miles per hour, passing other cars. As the vans were on the last stretch of busy road, they were driving fast, and Plaintiff kept yelling for the deputy to stop. The deputy refused, and the transporting van then hit and struck a female driver, totaling both vans and the other vehicle. Plaintiff was knocked unconscious and later transported to an area hospital for multiple injuries.

As relief, Plaintiff seeks a declaratory judgement, along with compensatory and punitive damages.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to clearly link one of the two doe defendants to a constitutional violation. At best, Plaintiff's allegations refer to a single, male transporting deputy, who was racing

and failed to stop despite Plaintiff's pleas. The Court will therefore recommend that Defendant Jane Doe be dismissed from this action for failure to link her to any constitutional violation.

### B. Deliberate Indifference

Plaintiff was a pretrial detainee at the time of this incident and his constitutional rights are therefore addressed under the Due Process Clause of the Fourteenth Amendment. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). To state a cognizable claim, a pretrial detainee must allege that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Id. at 1071.

Here, Plaintiff alleges that he was shackled in the van and officers were driving at excessive speeds, racing another transport van on rainy and slippery roads and then ultimately crashed, resulting in injuries to Plaintiff. These allegations plausibly suggest a Fourteenth Amendment deliberate indifference claim.

### C. Medical Care

As with his original complaint, Plaintiff's second amended complaint does not support a federal claim regarding his medical treatment. The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. Cty. of Orange, 888 F.3d

1118, 1125 (9th Cir. 2018).

According to the allegations in the complaint, Plaintiff was transported to the hospital after the accident and was provided treatment for his injuries. There is no indication that Plaintiff was denied medical treatment, and the Court therefore finds that Plaintiff has failed to state a cognizable claim under the Fourteenth Amendment related to his medical treatment.

### D. Doe Defendants

Plaintiff has named a John Doe defendant. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe.

### E. Declaratory Relief

Plaintiff's amended complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary, and the Court will recommend that Plaintiff's request for declaratory relief be dismissed from this action.

### IV. Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff's second amended complaint states a cognizable claim for deliberate indifference in violation of the Fourteenth Amendment against Defendant John Doe. However, Plaintiff's complaint fails to state any other cognizable claims for relief and fails to state a claim against Defendant Jane Doe. Additionally, Plaintiff's claim for

5

declaratory relief is unnecessary and should be dismissed.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and thus further leave will not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on May 6, 2019, against Defendant John Doe for deliberate indifference in violation of the Fourteenth Amendment; and

2 All other claims, including Plaintiff's claim for declaratory relief, and all other defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 9, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE