| | |
|---|---|
| WADE WOLFE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00570-AWI-BAM (PC)<br><br>ORDER GRANTING REQUEST TO FILE AMENDED COMPLAINT<br>(ECF No. 31)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 30)<br><br>**THIRTY (30) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Wade Wolfe ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending are the Court's May 10, 2019 findings and recommendations to dismiss certain claims and defendants and for this action to proceed on the cognizable Fourteenth Amendment claim against Defendant John Doe stated in the second amended complaint. (ECF No. 30.)

On May 30, 2019, Plaintiff filed his objections to the findings and recommendations, wherein he requests further leave to amend. (ECF No. 31.) Plaintiff states that he has received further documentation that can name Defendant John Doe, and he would also like to amend to name the second transport sheriff who failed to intervene in the constitutional violation. Plaintiff states that he will also amend to meet the linkage requirements. (Id.)

///

1

As Plaintiff alleges that he wishes to include new information in an amended complaint, including identifying Defendant John Doe and adding a related claim against the second transporting sheriff, the Court will grant Plaintiff's request to file an amended complaint. Accordingly, the Court finds it appropriate to vacate the pending findings and recommendations, issued on May 10, 2019. (ECF No. 30.) After Plaintiff files the third amended complaint, it will be screened in due course.

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, (ECF No. 31), is GRANTED;
    a. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a third amended complaint;
    b. The Clerk's Office shall send Plaintiff a complaint form; and
    c. **If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**; and

///

2

2. The findings and recommendations issued on May 10, 2019, (ECF No. 30), are VACATED.

IT IS SO ORDERED.

Dated: **May 31, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE