| | |
|---|---|
| WADE WOLFE,<br><br>   Plaintiff,<br><br> v.<br><br>STANISLAUS COUNTY, *et al.*,<br><br>   Defendants. | Case No. 1:18-cv-00570-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 32)<br><br>**FOURTEEN (14) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I. Background**

Plaintiff Wade Wolfe ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 10, 2019, the Court issued findings and recommendations to dismiss certain claims and defendants and for this action to proceed on the cognizable Fourteenth Amendment claim against Defendant John Doe stated in the second amended complaint. (ECF No. 30.)

On May 30, 2019, Plaintiff filed his objections to the findings and recommendations, wherein he requested further leave to amend. (ECF No. 31.) As Plaintiff wished to include new information, including identifying Defendant John Doe and adding a related claim against the second transporting sheriff, the Court granted Plaintiff's request to file an amended complaint.

1

Plaintiff was ordered to file a third amended complaint within thirty (30) days. (ECF No. 32.) Plaintiff was expressly warned that his failure to file a third amended complaint in compliance with the Court's order would result in dismissal of this action for failure to prosecute and failure to obey a court order. (Id. at 2.) The deadline for Plaintiff to file his third amended complaint has passed, and he has not complied with the Court's order or otherwise communicated with the Court.

**II. Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending since April 2018, and Plaintiff's third amended complaint is overdue. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

1 | Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's May 31, 2019 order granting Plaintiff's request to file an amended complaint expressly warned Plaintiff that failure to comply with that order would result in a dismissal of this action for failure to obey a court order and failure to prosecute. (ECF No. 32, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### III. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE